## In re BERTON'S ESTATE.

### No. 15,035; December 7, 1892.

#### 31 Pac. 576.

**Will—Construction — Education of Children.**—Testatrix, after leaving a sum of money to each of her two children, a son and a daughter, divided the estate equally between the children and the husband. In case of the death of the husband before the children's majority, his share was to go to the children. The son was to receive his share at the age of twenty-five, and the daughter at twenty, if she married; the children's education "to be paid for out of the interests of my estate." Held, that the charge for education was upon the whole estate, and that, even conceding the legacies to be vested legacies, distribution could not be had until the charge was satisfied.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

In the matter of the estate of Bertha Berton, deceased. Flavien Berton, executor, appeals from an order denying his petition for distribution. Affirmed.

Sidney V. Smith for appellant; Napthaly, Friedenrich & Ackerman for respondent.

TEMPLE, C.—This appeal is from an order of the probate court denying the petition of appellant, as executor of the will of the deceased, for a distribution of the estate. The petition was filed at the same time as the account for final settlement of his accounts as executor. Due notice was given, and at the time appointed the final account was approved and settled. Due proof was made of notice to creditors that the time for the presentation of claims had elapsed, and that all claims against the estate, and the expenses of administration, and all taxes levied on the estate, had been paid, and that there was left in the hands of the executor for distribution, $84,450.94. The testatrix left two children—a son and a daughter. The record shows that the son was then, when the final account was settled, nineteen years of age and the daughter over eighteen. The will bears date April 18, 1887. The

executor was appointed May 3, 1888. The final settlement was November 12, 1891. It is said that distribution was refused on the ground that the will had not then been fully executed; that, according to its terms, the estate could not then be distributed. The material portion of the will reads as follows: "I desire to give to my only two beloved children, Michael Albert Tschurr, born in San Francisco, and now residing with my beloved father, Michael Corai, in Zug-Graubunden, Switzerland, and my daughter, Anna Paulina Catharina Tschurr, born and now residing in San Francisco. the summe of ten thousand dollars each, share and share alike; this is to be theyr separate part of my estate, which I give to them. I further give and bequeath the balance of my estate, of which I may die seised or possessed, or to which I shall be entitled at the time of my decease, to my beloved husband, Flavien Berton, of the city and county of San Francisco, my beloved son, Michael Albert Tschurr, and my beloved daughter, Anna Paulina Catharina Tschurr, share and share alike. Each to receive one third of my estate after my two named children will have received theyr ten thousand dollars each. . My beloved son shall receive his share of my estate at the time he attains the age of twenty-five years. It is my wish that my only daughter should not mary before she attains the age of twenty years. At that time, if she maries, she to receive all her part of my estate, this to be forever her own separate property outside of five thousand dollars, which shall be her mother's wedding gift. Her husband never to have any right to the balance of her estate, but the interests, her estate to be and remain her own separate property, at the time of her decease to go to her children, or if there are no children, one half to be given to her husband, the other half to her brother or his heirs. Should it please God to call one of my children from this earth before they should be maried or have family, theyr share to go share and share alike to theyr stepfather or brother or sister. It is my will that my children above named, being the children of my dearly beloved husband, Christian Tschurr, deceased, be well educated, theyr education to be paid out of the interests of my estate. My son to choos the proffession he wishes or has talent for. I do nominate, constitute and apoint my beloved husband, Flavien Berton, of the city and county of San

Francisco, to be the executor of this, my last will and testament. I have full confidence that he will do all in his power to promote the wellfare of my two named children, and in this confidence he shall not be obliged to give any bonds whatever. He shall have full power to sell at public or private sale, at such time as he may deem best, all the property, real or personal, of which I may die seised or possessed, and to which I may be entitled at the time of my decease. Should my dear husband, Flavien Berton, be called from this earth before my two children attain theyr majority, his share of my estate to go back to my said two children. Should he remary, he to have only fife thousand dollars of my estate, the balance to go back to my two children, share and share alike. My beloved husband's father, Jean Berton, residing at St. Sorlin Drom, France, I wish in case of our decease to get one hundred dollars yearly for the time of his life, this contribution to be paid out of the interests of my estate and to cease at the time of his decease.''

The appellant claims that the bequest to the husband vested at once, and the condition that the property shall go back to the children of the testatrix, in the event of his death before the children reach the age of majority, is a condition subsequent. It is obvious, from a mere reading of the will, that when the property shall be finally distributed under it, many fine and perhaps difficult points can be raised in regard to the effect of some of the language used. As yet the probate court has not construed its provisions further than to say that the estate is not now in a condition to be taken from the executor's hands, and it would hardly be proper to go further here than is necessary to determine that question. To determine that, it does not seem necessary to say whether the legacies are vested or not. Although, if the only provisions of the will bearing upon the question were those discussed by the appellant, the solution of the matter would not be difficult; but there are several other provisions. The language of the first two clauses of the will is the same in regard to the surviving husband and the children, and yet the third paragraph provides that the son shall receive his share when he attains the age of twenty-five years and the daughter when she attains the age of twenty, if she marries. Another clause, further on, provides that her children shall be well educated,

their education to be paid for out of the interests of her estate. There is no provision made for the support of the children before their legacies were to be received by them, unless it is implied in this provision as to their education. Nor is there any express direction or authority given the executor to invest the money belonging to the estate, so that there may be any interest from her estate. Still, it is quite evident that the testatrix intended that the property might be for some time in the hands of the executor. The legacy to the son was not to be received by him until he attained the age of twenty-five years. He must have been about fifteen when the will was executed. It does not appear when she died, but the executor was appointed about one year after the date of the will. She must have contemplated that about ten years might elapse before her son reached the age of twenty-five. No trustee is provided for, except the executor, who becomes such merely as executor. Evidently the charge for the education of the children is upon the whole estate. It would be impracticable, and might defeat the purpose of the charge, to distribute the property subject to the burden. The boy was not to have his share anyway, and there is no express provision for him in the meantime except this. The amount which might be required could not be settled in advance, and it was necessary that it should be promptly and certainly forthcoming. It cannot be held that she meant to leave the education of her children subject to the chance that the necessary contributions could be collected from the distributees, who might become insolvent, or be beyond the jurisdiction of the court. Even conceding that the legacies were all vested, and that payment only was postponed, it seems obvious that the executor should retain possession until this charge is fully satisfied. As it does not appear that this time has yet arrived, I advise that the order be affirmed.

We concur: Foote, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.